# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONTGOMERY CARL AKERS,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**KIM I. FLANNIGAN, et al.,**<br><br>    **Defendants** | **Case No. 20-3225-HLT-GEB** |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 2, *sealed*). For the reasons set forth below, the Court recommends the motion to proceed *in forma pauperis* (**ECF No. 2**) be **DENIED.**

Plaintiff Montgomery Carl Akers is a prisoner at the United States Penitentiary, Marion, in Marion, Illinois. He brings this pro se civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff claims that the defendants, who are from Kansas, Indiana, Illinois, and Washington, D.C., met in July 2020 and conspired to deny him medical and dental care "as punishment and controlling and manipulation device" in violation of his constitutional rights. He seeks injunctive relief, an investigation, monetary damages, and costs.

Plaintiff moves for leave to proceed in forma pauperis. This motion is governed by 28 U.S.C. § 1915. Plaintiff is subject to § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This provision does not bar a prisoner from filing civil actions, but it operates to eliminate the privilege to proceed in forma pauperis. A prisoner who has three strikes may still proceed in civil actions or appeals by prepaying the full filing fee.[1]

Plaintiff has long been designated a three-strikes litigant under § 1915(g).[2] In this action, he claims he is in imminent danger due to the lack of asthma medication, but he fails to identify how any of the Kansas defendants could provide the injunctive relief he seeks, given that he is incarcerated in a federal penitentiary in Illinois. And, while he bases his claims on a conspiracy that he alleges took place in July 2020, he offers only bare assertions that do not present a plausible basis for relief. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."[3] Therefore, while Plaintiff conceivably could present a claim for injunctive relief in the district of his incarceration concerning a lack of medical treatment, his claims in this action are implausible and insufficient to support a claim that he is in imminent

---

[1] *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 778 (10th Cir. 1999).

[2] Plaintiff's litigation history in federal court includes the following cases: *Akers v. Watts*, 589 F. Supp. 2d 12 (D.D.C. 2008) (identifying two strikes); *Akers v. Rukosek*, Case No. 09-472-DMS (S.D. Cal. April 28, 2009) (dismissed as a frivolous duplicative action), appeal dismissed (9th Cir. December 4, 2009); *Akers v. Poisson*, 2009 WL 1375167 (D. Me. 2009) (dismissed as stating no claim for relief); *Akers v. Crow*, Case No. 09-3037-RDR (dismissed as frivolous) (D. Kan. March 2, 2009), *affirmed* (10th Cir. August 28, 2009).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

danger of serious injury that could be addressed in the District of Kansas. Accordingly, he may proceed in this matter only if he pays the full filing fee of $400.00.

However, the magistrate judge does not have the authority under 28 U.S.C. § 636 to deny Plaintiff's motion to proceed without payment of fees.[4] Accordingly, the undersigned magistrate judge **RECOMMENDS** the motion to proceed without prepayment of fees (ECF No. 2, *sealed*) be **DENIED**, and that Plaintiff be ordered to submit the full filing fee to the clerk of court by a date certain.  In the event Plaintiff fails to submit the filing fee in full by the date determined by the District Court, the undersigned **RECOMMENDS** this action be dismissed without prejudice.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[5]

**IT IS SO ORDERED**.

Dated: September 8, 2020

/s/ Gwynne E. Birzer
GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (finding the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).
[5] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).