IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

    Plaintiff,

    v.

KIM I. FLANNIGAN, ET AL.,

    Defendants.

Case No. 20-CV-3225-HLT-GEB

## ORDER

Plaintiff Montgomery Carl Akers, a pro se[1] prisoner, alleges that Defendant Kim I. Flannigan (an Assistant United States Attorney ("AUSA")) and her codefendants (federal judges, AUSAs, and other federal employees) are engaged in a conspiracy to deny him access to medical and dental treatment while he is incarcerated at the U.S. Penitentiary in Marion, Illinois. He brings a claim under *Bivens*[2] for violations of his Eighth Amendment rights and moves to proceed without prepayment payment of fees. Doc. 2, *sealed*.

Magistrate Judge Gwynne E. Birzer issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's motion to proceed without payment of fees. Doc. 4. She notes that Plaintiff is a three-strikes litigant under 28 U.S.C. § 1915(g), which precludes him from proceeding without prepayment of the filing fee unless he shows imminent danger of serious physical injury. Because Plaintiff's allegations do not satisfy this requirement, she recommends denial of the motion. Plaintiff timely objected. Docs. 8 & 9.

---

[1] Based on his pro se status, the Court liberally construes Plaintiff's pleadings and holds them to a less stringent standard. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not become his advocate. *Id.*

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court reviews de novo those portions of the R&R to which Plaintiff timely objects and is afforded considerable discretion in determining what reliance to place upon the magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(3); *Searles v. Werholtz*, 2010 WL 4861123, at *2 (D. Kan. 2010). Plaintiff does not object to the R&R's conclusion that he is a three-strikes litigant and that 28 U.S.C. § 1915(g) governs his motion.[3] Thus, he is prohibited from bringing this action without prepayment of the filing fee unless he shows an imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To make this showing, he must make "specific, credible allegations of imminent danger of serious physical harm." *Lynn v. Willnauer*, 2020 WL 4668492 at *2 (10th Cir. 2020) (internal quotation omitted). He needs to make a "specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion." *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998). The harm must be imminent or occurring at the time the complaint is filed because "allegations of past harm do not suffice." *Davis v. GEO Grp. Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017).

After a de novo review of the pleadings, the Court agrees that Plaintiff has failed to establish that he is in imminent danger of serious physical injury. Liberally construed, Plaintiff's complaint alleges that he suffers from asthma and atrial fibrillation. Doc. 1 at 5. He contends his atrial fibrillation caused him to suffer a "mini-stroke" in 2014. *Id*. He has been prescribed an inhaler for his asthma and Sotalol to prevent atrial fibrillation. *Id*. He alleges that in May 2020,

---

[3] Plaintiff has previously been advised that, absent a showing of imminent danger, he has lost the right to proceed in forma pauperis in federal court because of his repeated filing of frivolous lawsuits. *See Akers v. Martin*, No. 13-cv-3086-SAC, at *2 (D. Kan. June 11, 2013); *Akers v. Flannigan*, No. 17-3094-SAC-DJW, at *2 (D. Kan. July 6, 2017). And, even if he did object to being a three-strikes litigant, the Court finds that he is one. *See, e.g.*, *Akers v. Watts*, 589 F. Supp. 2d 12 (D.D.C. 2008) (identifying Plaintiff as having two strikes); *Akers v. Rukosek*, No. 09-472-DMS (S.D. Cal. April 28, 2009) (dismissing complaint without prejudice for failure to state a claim), *appeal dismissed* (9th Cir. Dec. 4, 2009); *Akers v. Poisson*, 2009 WL 1375167 (D. Me. 2009) (dismissing complaint for failure to state a claim); *Akers v. Crow*, No. 09-3037-RDR (D. Kan. Mar. 2, 2009) (dismissing complaint as frivolous and as stating no claim for relief), *affirmed* (10th Cir. Aug. 28, 2009).

2

Defendant Flannigan (an AUSA in the District of Kansas) "hatched" a plan to conspire with Defendants[4] to "shut down" Plaintiff's civil suit filings. *Id*. at 4-5. Defendants agreed to deny Plaintiff medical and dental treatment as a "controlling and manipulation device" until he "finally stopped his filings." *Id*. at 2-4. Defendants further conspired to deny Plaintiff access to his spiritual advisor. *Id*. at 5. Then, on August 13, 2020, unnamed "staff" refused to refill his asthma medication and his Sotalol prescription. *Id*. Defendants engaged in these acts to cause Plaintiff stress that would trigger a stroke.[5] *See id*.

A prison official's denial of medication can establish imminent danger. *See, e.g.*, *Willnauer*, 2020 WL 4668492, at *3. But Plaintiff admits that he received his medication on August 31, 2020, approximately two weeks after he requested it. Doc. 1 at 6. So this harm was not occurring or imminent when he filed his complaint on September 4, 2020. *Davis*, 696 F. App'x at 854. And this single incident is insufficient to establish a pattern of misconduct evidencing a likelihood of imminent or serious physical injury. *See Lynn v. Roberts*, 2011 WL 3667171, at *2 (D. Kan. 2011) (explaining that "a pattern of misconduct evidencing the likelihood of imminent serious physical injury" may be sufficient); *see also Willnauer*, 2020 WL 4668492, at *3 (concluding that it is reasonable to infer that the harm is occurring or imminent when plaintiff suffered multiple "cardiac events" with elevated troponin levels in months before complaint was filed, but was repeatedly denied medication and refused admission to hospital).

---

[4] Plaintiff's complaint generally fails to attribute specific conduct to specific individuals. Instead, Plaintiff typically refers to Defendants collectively when discussing the conspiracy. Accordingly, the Court will also refer to the individuals involved in the alleged conspiracy as "Defendants."

[5] In Plaintiff's supplement in support of his objections, Plaintiff also seems to argue that he is being denied mail correspondence from a business called "Contact Me ASAP," which he alleges interferes with his ability to pay the filing fees in this case. Doc. 9 at 1-2. But these allegations do not establish that he is in imminent danger of serious injury and are therefore irrelevant to the Court's analysis. *See* 28 U.S.C. § 1915(g).

Plaintiff argues that Defendants' "next tactic" will be to segregate him, deny him access to the courts, discontinue his medication (at times, intermittently), and deny him dental treatment if he develops an infectious condition in his dental health. Doc. 1 at 6. But these allegations are neither specific nor credible. He does not identify any reason for believing they will engage in this conduct, does not identify who will engage in what conduct, or identify any dental treatment he has been denied. Rather, these allegations are speculative and unsupported.

At best, Plaintiff has alleged that he was denied a refill of his medications on August 13 but received the refill by August 31. Without more, it cannot reasonably be inferred that Plaintiff is in imminent danger of serious physical harm. Thus, after reviewing Plaintiff's Complaint and his written objections de novo, the Court agrees that Plaintiff is a three-strike litigant and has not established an imminent danger of serious physical injury. Plaintiff is not entitled to proceed in forma pauperis, and this civil action may only proceed by prepaying the full filing fee.

THE COURT THEREFORE ORDERS that Plaintiff's objections to Magistrate Judge Birzer's September 8, 2020 Report and Recommendation are OVERRULED and that the Report and Recommendation (Doc. 4) shall be ACCEPTED AS MODIFIED by the above findings and conclusions.

THE COURT FURTHER ORDERS that Plaintiff's application to proceed without prepayment of fees (Doc. 2, *sealed*) is DENIED. Plaintiff shall submit the full $400.00 filing fee to the Clerk of Court by November 4, 2020. If Plaintiff fails to submit the filing fee in full by November 4, this action will be dismissed without prejudice and without further notice.

IT IS SO ORDERED.

Dated: October 21, 2020   /s/ *Holly L. Teeter*
　　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE