IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONTGOMERY CARL AKERS,

    **Plaintiff**,

    v.

KIM I. FLANNIGAN, ET AL.,

    **Defendants**.

Case No. 20-CV-3225-HLT-GEB

## ORDER

Plaintiff Montgomery Carl Akers, a pro se[1] prisoner, brings a claim under *Bivens*[2] for violations of his Eighth Amendment rights. On October 21, 2020, the Court entered an Order (Doc. 10) finding that Plaintiff is a three-strikes litigant under the Prison Litigation Reform Act ("PLRA") and that he failed to show he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court denied Plaintiff's application to proceed without prepayment of fees and ordered Plaintiff to submit the full $400.00 filing fee to the Clerk of Court by November 4, 2020. The Order specified that if Plaintiff failed to submit the filing fee in full by November 4, this action would be dismissed without prejudice and without further notice.

On November 9, 2020, Plaintiff filed a motion to reconsider. Doc. 12. Local Rule 7.3(b) permits a party to file a motion to reconsider based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. D. Kan. Rule 7.3(b). Plaintiff has not shown an intervening change in controlling law or an availability of new evidence. Thus, construing Plaintiff's motion liberally, Plaintiff asserts that

---

[1] Based on his pro se status, the Court liberally construes Plaintiff's pleadings and holds them to a less stringent standard. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not become his advocate. *Id.*

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

it was "clear error" for the Court to deny Plaintiff's application to proceed without prepayment of fees for two reasons.

First, Plaintiff argues that the Complaint adequately established that he is in imminent danger of serious physical injury because it included specific references about which Defendants denied him what medication for what ailment on what occasion. But this is not why his application to proceed without prepayment of fees was denied. Rather, the Court denied his application because the Complaint did not contain <u>credible</u> allegations of <u>imminent</u> danger. *See Davis v. GEO Grp. Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017). According to the Complaint, Plaintiff had his medications at the time of filing. Although there was a two-week delay on one occasion, this does not establish a pattern of misconduct from which it can be inferred that his medications will be denied in the future. And Plaintiff's allegations about Defendants' future conduct (i.e., segregating him and denying him access to the courts) were speculative and unsupported. Thus, even under a liberal construction of the Complaint, Plaintiff was not in imminent danger at the time of filing.

Second, Plaintiff argues that the Court erred in failing to consider the ongoing conspiracy to deny Plaintiff access to various financial institutions. To the contrary, the Court acknowledged Plaintiff's allegations, but explained that such allegations were irrelevant to the Court's analysis. Doc. 10 at 3. This is because the PLRA categorically prohibits three-strike litigants from bringing any civil action without prepayment of the filing fee. 28 U.S.C. § 1915(g); *see also Queen v. United States*, 2006 WL 3791321, at *2 (D. Kan. 2006) (explaining that the purpose of the PLRA's three-strikes rule is to curtail abusive prisoner litigation). The <u>only</u> exception is if the three-strike litigant is "under imminent danger of <u>serious physical injury</u>." 28 U.S.C. § 1915(g) (emphasis added). If he cannot make this showing, then he cannot proceed without paying the filing fee—even if he alleges he is being denied access to financial institutions. *See United States v. Ron Pair Enters.,*

*Inc.*, 489 U.S. 235, 241 (1989) (explaining that when the statute's language is plain, the sole function of the courts is to enforce it according to its terms).

Thus, Plaintiff has failed to provide any valid reason to reconsider or amend the Court's previous order. And because the deadline for Plaintiff to submit the filing fee has passed and no filing fee has been submitted, this action must be dismissed without prejudice for failure to pay the filing fee. *See* Fed. R. Civ. P. 41(b); *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (permitting district courts to sua sponte dismiss actions under Rule 41(b) for failure to comply with a court order).

THE COURT THEREFORE ORDERS that Plaintiff's motion to reconsider (Doc. 12) is DENIED.

THE COURT FURTHER ORDERS that this action is DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: November 17, 2020              /s/ *Holly L. Teeter*
                                      HOLLY L. TEETER
                                      UNITED STATES DISTRICT JUDGE